O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | July 2, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On June 19, 2009, this Court denied the government's motion to dismiss this action for lack of subject matter jurisdiction, and ordered the parties to set forth their positions regarding whether deportation proceedings would be suspended during the pendency of this action. On June 29, 2009, the parties filed a joint status report in which the government took the position that removal proceedings will not be suspended, and that this Court does not have jurisdiction, pursuant to 8 U.S.C. § 1252(g), to stay the removal proceedings.

In the government's reply brief in support of its motion to dismiss, however, it acknowledged that in at least two cases adjudicated in this district, immigration judges terminated removal proceedings because the petitioners had filed a district court action seeking reconsideration of adjustment of their status applications by USCIS. As the government explained, "[i]n such cases, to return jurisdiction over an adjustment of status application to USCIS, immigration judges are obliged to terminate removal proceedings because, while the removal proceedings are pending, the immigration court – and not USCIS – has exclusive jurisdiction over adjustment of status application. *See* 8 C.F.R. § 1245.2(a)(1)(i)."

In *Belen Cabaccang, et al. v. The United States Citizenship and Immigration Services et al.*, No. 2:07-cv-00574-DDP-E, for example, the immigration judge suspended deportation proceedings after the district court granted the petitioners' application for a temporary restraining order requiring USCIS to reopen and reconsider the adjustment of status applications and issue the petitioners work authorization cards in the meantime. *See Cabaccang*, Docket No. 54, at 5 (district court granted application for

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | July 2, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

TRO on June 29, 2007); *Velasco, et al.* Opposition Brief to Defendants' Motion to Dismiss, Docket No. 9, Ex. 2 at 2-3 (immigration judge terminated removal proceedings for Cabaccang on September 12, 2007).  In *In the Matter of Mationg Mijares and Kenneth Glicerio*, the immigration judge terminated removal proceedings because "U.S. District Court Judge Dean Pregerson set aside USCIS denial of P's Appl. to Adjust, remanded the matter to CIS, and ordered CIS to reconsider P's 2nd I-485." *Velasco, et al.* Opposition Brief, Docket No. 9, Ex. 2 at 4.

In light of the procedure and practice of the immigration court in these two cases, the Court ORDERS the parties to file a second joint status report by not later than **July 13, 2009** suggesting an accelerated briefing schedule on the merits of this action.  If the government wishes to represent that the Court should not pursue an accelerated schedule because even if the Court ultimately remands this matter to the USCIS for reconsideration, the deportation proceedings will not in fact be terminated, it may do so in the joint status report.

:

Initials of Preparer     se