O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

   This action concerns Defendants' denial of Plaintiffs' Applications for Adjustment of Status under 8 U.S.C. § 1255(k). Plaintiffs have moved for summary judgment and Defendants filed an opposition setting forth reasons why Plaintiffs' motion should be denied and why summary judgment should be granted in Defendants' favor. For the reasons stated below, the Court DENIES Plaintiffs' Motion[1] and GRANTS summary judgment for Defendants.

**I.     FACTS**

   Plaintiff Stella Velasco is a Philippine citizen and the mother of Chynna Velasco and C.V. Plaintiffs entered the U.S. as nonimmigrant visitors on April 5, 2007, and were admitted for a period of three months, until July 4, 2007. Prior to the expiration of Plaintiffs' period of authorized stay, on July 2, 2007, Bankers Fiscal Service Inc. filed a Form I-129, Petition for a Nonimmigrant Worker on behalf of Plaintiff Stella Velasco, to change her status from a B-1 business visitor to a H-1B nonimmigrant worker. SUF ¶ 3. An H-1B visa is an employment-based nonimmigrant visa that allows skilled aliens in certain "specialty occupations" to work in the United States for a limited time, under specified conditions. 8 U.S.C. § 1184. At the same time, Plaintiffs Chynna Velasco and C.V. each filed a Form I-539 on the basis of Stella's I-129 petition. The United States Citizenship and Immigration Services ("CIS") denied all three applications on December 5, 2007.

---

[1] Docket No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

On May 30, 2008, Plaintiffs sought to become permanent U.S. residents by each filing a Form I-485, Application for Adjustment of Status with the CIS. These applications were based on a concurrently filed I-140, Petition for Immigrant Worker status, filed by employer Westside Wholesale Electric on Plaintiff Stella's behalf.

On October 6, 2008, the I-140 Petition for Immigrant Worker status was approved. On January 20, 2009, the CIS denied Plaintiffs' I-485 Adjustment of Status applications pursuant to 8 U.S.C. § 1255(c) on the ground that Plaintiff Stella failed to maintain continuously "a lawful status" for a period in excess of 180 days since her last lawful admission. SUF ¶ 9.

On February 25, 2009, Plaintiffs lodged an action for mandamus in the Central District of California, seeking a declaratory judgment that they are eligible for adjustment of status under 8 U.S.C. § 1255(k), and an order requiring the CIS and the other defendants to reopen Plaintiffs' applications. On March 5, 2009, the magistrate judge appointed Stella Velasco as guardian ad litem for C. V., and the Complaint was filed in this Court. Five days later, on March 10, 2009, the CIS served Plaintiffs with Notices to Appear before an Immigration Court for removal proceedings.

On May 5, 2009, the government filed a motion to dismiss this action for lack of jurisdiction, arguing that because Plaintiffs may challenge the USCIS's decision at a removal hearing and thereafter file an appeal with the Ninth Circuit, Plaintiffs have failed to exhaust their remedies, the agency's decision is not final, and Plaintiffs have adequate remedies of appeal. On June 19, the Court denied the government's motion to dismiss for lack of subject matter jurisdiction.

Plaintiffs now move for summary judgment, arguing that they "were in a 'lawful status' during the entire period that [Stella's] I-129 petition [for a Nonimmigrant Worker] and [Chynna and C.V.'s] I-539 applications were pending, such that no time was accrued towards the 180-day grace period." Motion at 6. For the reasons described below, the Court DENIES the motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

## II.   LEGAL FRAMEWORK

Section 245(a) of the INA, codified at 8 U.S.C. § 1255(a), provides that a lawfully admitted alien may apply to adjust his or her status to that of a lawful permanent resident. An applicant will not be eligible for adjustment of status if one of the categories listed in § 1255(c) applies.  Under § 1255(c)(2), "subject to subsection (k) of this section, an alien . . . who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States" is ineligible for adjustment of status.  Sections (c)(7) and (c)(8) render ineligible "any alien who seeks adjustment of status to that of an immigrant under section 1153(b) of this title and is not in a lawful nonimmigrant status" and "any alien who was employed while the alien was an unauthorized alien . . . or who has otherwise violated the terms of a nonimmigrant visa."

Section 1255(k) provides a 180-day grace period for certain employment-based applicants who would otherwise be ineligible for adjustment of status under section 1255(c).  The 180-day exception applies, in relevant part, to an alien who, subsequent to a "lawful admission has not, for an aggregate period exceeding 180 days . . . failed to maintain continuously, a lawful status." 8 U.S.C. § 1255(k)(2).  That is, an applicant whose lawful status has expired may seek to benefit under section 1255(k)'s grace period if the duration of his or her expired lawful status (or any violation of the other conditions of his or her admission, such as unauthorized employment) does not exceed 180 days.

## III.   LEGAL STANDARDS

### A.   Summary Judgment

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial."  *Anderson v. Liberty Lobby,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

*Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the opposing party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

Case 2:09-cv-01341-AHM-CT   Document 29   Filed 12/21/09   Page 5 of 12   Page ID #:303

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

U.S. 574, 587 (1986) (citation omitted).

### B.  Review of Administrative Decisions

The Administrative Procedures Act ("APA") provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.  "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706.

A reviewing court must set aside an agency's action if the action is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Mt. St. Helenbiobalance s Mining and Recovery Ltd. Partnership v. United States*, 384 F.3d 721, 727 (9th Cir. 2004).  An abuse of discretion may be found only if the decision is unsupported by substantial evidence or is based upon an improper understanding of the law. *Young v. Reno*, 114 F.3d 879, 883 (9th Cir. 1997). Interpreting the APA's "abuse of discretion" standard, courts have found that the Immigration Service "abuses its discretion by making decisions without rational explanation, departing inexplicably from established policies, or discriminating invidiously against a particular race or group."  *Rodriguez-Rivera v. INS*, 993 F.2d 169, 170 (8th Cir. 1993) (per curiam) (citing *Garcia-Lopez v. INS*, 923 F.2d 72, 74 (7th Cir. 1991)); *Hajiani-Niroumand v. INS*, 26 F.3d 832, 835 (8th Cir.1994); *see also Hird/Blaker Corporation v. Slattery*, 764 F. Supp. 872, 874-75 (S.D.N.Y.1991) ("an abuse of discretion is shown only if the plaintiff establishes that the decision under review was made without rational explanation, inexplicably departed from established authorities, or rested on an impermissible basis") (citing *Li Cheung v. Esperdy*, 377 F.2d 819, 820 (2d Cir. 1967) (citation omitted)).

The interpretations at issue here are regulations, memoranda amending and interpreting regulations, and the non-appealable agency decision underlying this case. While "[i]nterpretations such as those in opinion letters-like interpretations contained in policy statements, agency manuals, and enforcement guidelines" do not normally warrant

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

*Chevron*-style deference, *Christensen v. Harris County*, 529 U.S. 576, 587 (2000), they may warrant such deference in certain circumstances. *See Barnhart v. Wilson*, 535 U.S. 212, 222 (2002) (considering "the interstitial nature of the legal question, the related expertise of the Agency, the importance of the question to administration of the statute, the complexity of that administration, and the careful consideration the Agency has given the question over a long period of time" when determining how much deference to afford a particular erpretation). "To the extent the agency 'interpret[ed] its own regulation, even if through an informal process, its interpretation of an ambiguous regulation is controlling . . . unless 'plainly erroneous or inconsistent with the regulation.'" *Love Korean Church v. Chertoff*, 549 F.3d 749, 754 (9th Cir. 2008) (quoting *Bassiri v. Xerox Corp.*, 463 F.3d 927, 930 (9th Cir. 2006)). A court will defer to an agency interpretation—even if it not entitled to *Chevron* deference—to the extent the interpretation has the "power to persuade." *U.S. v. Mead Corp.*, 533 U.S. 218, 226-27 (2001) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *Christensen*, 529 U.S. at 587).

## IV.   DISCUSSION

The central dispute to be resolved in this motion is what constitutes a "lawful status" for purposes of section 1255(k). Plaintiffs and Defendant agree that Congress's use of the term "a lawful status" in 8 U.S.C. § 1255(k) suggests that there is more than one lawful status that could count toward section 1255(k)'s 180-day grace period. Motion at 5; Opp. at 17-18. Plaintiffs and Defendant further agree that the period during which their I-129 and I-539 Petitions for Immigrant Worker status were pending was, pursuant to 8 U.S.C. § 1182(a)(9)(B), a "period of stay authorized by the Attorney General." Motion at 8-10; Opp. at 16, 18. Plaintiffs argue—and Defendants dispute—that a "period of stay authorized by the Attorney General" is one of the "lawful status[es]" that counts toward section 1255(k)'s 180-day grace period.

Plaintiffs argue that Defendants misinterpreted the express language of 8 U.S.C. § 1255(a), (c), (k) and § 1182(a)(9)(B), and that they irrationally departed from their own interpretation of the meaning of "lawful status." Motion at 9. Plaintiffs argue that the only reasonable interpretation of § 1255(k)(2)(a) is that it requires an applicant for adjustment of status to maintain one of many possible lawful statuses, and that one such status is a "period of stay authorized by the Attorney General" pursuant to §

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

1182(a)(9)(B). In Plaintiffs' cases, this was the period of time during which their Petitions for Immigrant Worker status (forms I-129 and I-539) were pending. Under Plaintiffs' calculation, they therefore accrued only 177 days toward the 180-day grace period, which consists of the time between the denial of their Petitions for Nonimmigrant Worker status (December 5, 2007) and the filing of their I-485 Applications for Adjustment of Status (May 30, 2008). *Id*. at 9.

Defendant's position is that the "lawful status[es]" contemplated by § 1255(c) are limited to those specifically listed in 8 C.F.R. 245.1(d)(1). 8 C.F.R. § 245.1(d)(1) defines the term "lawful immigration status" for purposes of 8 U.S.C. § 1255(c)(2) as individuals who are in lawful permanent resident status, in non-immigration status, or in refugee, asylee, or parole status.[2]

---

[2]Specifically, § 245.1(d)(1) provides:

> Lawful immigration status. For purposes of section 245(c)(2) of the Act[, 8 U.S.C. 1255(c)(2)], the term "lawful immigration status" will only describe the immigration status of an individual who is:
>
> (i) In lawful permanent resident status;
>
> (ii) An alien admitted to the United States in nonimmigrant status as defined in section 101(a)(15) of the Act, whose initial period of admission has not expired or whose nonimmigrant status has been extended in accordance with part 214 of this chapter;
>
> (iii) In refugee status under section 207 of the Act, such status not having been revoked;
>
> (iv) In asylee status under section 208 of the Act, such status not having been revoked;
>
> (v) In parole status which has not expired, been revoked or terminated; or
>
> (vi) Eligible for the benefits of Public Law 101-238 (the Immigration Nursing Relief Act of 1989) and files an application for adjustment of status on or before October 17, 1991.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

    In arguing that Defendants irrationally departed from their own interpretation of the meaning of "lawful status" in denying Plaintiffs' application for adjustment of status, Plaintiffs point to a policy memo issued on March 3, 2000 by the Immigration and Naturalization Service ("INS") Office of Field Operations, which addresses the scope of the 120 day tolling period provided for by section 1182(a)(9)(B).[3] *See* Michael A. Pearson, *Memorandum Re: Period of stay authorized by the Attorney General after 120-day tolling period for purposes of section 212(a)(9)(B) of the Immigration and Nationality Act* (March 3, 2000) (the "Pearson Memo"). In the Pearson Memo, the INS expanded its application of the tolling provision to include periods during which an application for extension or change of status has been pending, even if the period extends beyond the 120-day period. Specifically, the Pearson Memo provides that "nonimmigrants who were admitted until a specific date and who apply for [an extension of stay or change of status] and whose applications have been pending beyond the 120-day tolling period should be considered to be in a period of stay authorized by the Attorney General, if certain requirements are met." *Id*. at 2. The Pearson Memo also explains that an alien will also be in a "period of stay Authorized by the Attorney General" (and therefore avoid accruing any time of "unlawful presence") during the pendency of an application for adjustment of status under § 1255. *Id*. at 4. Plaintiffs argue that the USCIS's interpretation of the term "lawful status" in its denial of Plaintiffs' application for adjustment of status is inconsistent with its interpretation of the term "unlawful presence" articulated in the Pearson Memo for purposes of establishing a three or ten-year re-entry ban under 8 U.S.C. § 1182(a)(9)(B). Reply at 3.

    Recently, in a case factually similar to the one presently before the Court, Judge

---

[3] 8 U.S.C. § 1182(a)(9)(B) is a provision of the Immigration and Nationality Act that bars an alien who accrues a certain period of an "unlawful presence" in the U.S. from re-entering the U.S. for a period of three to ten years. Section 1182(a)(9)(B)(iv), which tolls the period of time during which an alien's change or extension of service application is pending, provides that:

> In the case of an alien who– (I) has been lawfully admitted or paroled into the United States, (II) has filed a nonfrivolous application for a change or extension of status before the date of expiration of the period of stay authorized by the Attorney General, and (III) has not been employed without authorization in the United States before or during the pendency of such application, the calculation of the period of time [of the alien's unlawful presence in the U.S.] shall be tolled during the pendency of such application, but not to exceed 120 days .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

Dean D. Pregerson held that while a consistent interpretation as to whether presence or status is lawful would be a reasonable one, "the language of the statutes does not plainly *require* coextensive construction and, as a result, there is room for agency interpretation." *Belen Cabaccang, et al. v. The United States Citizenship and Immigration Services et al.*, No. 2:07-cv-00574-DDP-Ex (C.D. Cal. June 15, 2009) at 26-27. Judge Pregerson went on to note that "[t]he definition of "unlawful presence" provided in § 1182(a)(9)(B) is expressly '[f]or the purposes of this paragraph,'" and that "the terms used ('status' and 'presence') are different, which supports a construction of different meanings." *Id.* at 27.

Agency guidance issued after the Pearson Memo clarifies that the USCIS does interpret the provisions differently. *See* Memorandum for Thomas Cook, From Janice Polony, *Interpretation of "Period of Stay Authorized by the Attorney General" in determining "unlawful presence" under INA section 212(a)(9)(B)(ii)* (March 27, 2003) (the "Podolny Memo"). In the Podolny Memo, the USCIS clarifies that it interprets the meaning of the term "unlawful presence" differently from the term "authorized status." Specifically, the Podolny Memo explains that "[t]he period during which a timely filed [extension of stay or change of status] application is pending continues the alien's period of authorized stay in the United States (allowing the alien to avoid accruing unlawful presence), but does not extend the alien's period of 'authorized status.'" *Id.* at 3. Plaintiffs argue that the Podolny Memo "clearly does not deal in anyway [sic] with applications to adjust status or the meaning of 'lawful status' under 8 U.S.C. § 1255(k)." Reply at 8. The Court finds Plaintiffs' position untenable. While Plaintiffs are correct that the Podolny Memo does not go so far as to explicitly exclude a "period of stay authorized by the Attorney General" from the group of "lawful status[es]" that count toward § 1255(k)'s 180-day grace period, it does evince an intent on the part of the agency to afford different meanings to the terms "status" and "presence." *See Cabaccang,* No. 07-574 at 27 ("[T]he [Podolny] Memo explains that the agency views 'status' and 'presence different' – an issue that undermines an assumption on which Plaintiffs' argument relies, i.e. that § 1182 and § 1255 would be interpreted consistently.").

Moreover, agency guidance issued after the Podolny Memo directly resolves this issue in Defendants' favor. In a memo issued July 14, 2008 (the "Neufeld Memo"), the USCIS explained that "a properly filed adjustment of status application, in and of itself,

Case 2:09-cv-01341-AHM-CT   Document 29   Filed 12/21/09   Page 10 of 12   Page ID #:308

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

does not accord lawful status," and that therefore, "the period during which an alien has a pending [extension of stay] . . . or adjustment of status application does not constitute, in and of itself, a period in which the alien is in a lawful 'status'" for purposes of section 1255(k)'s 180-day grace period. *Id*. at 6. Plaintiffs contend that the Neufeld Memo should not be given deference because (1) it is an impermissible construction of §1255(k) because the statutory language is plain and clear, (2) its interpretation of § 1255(k) conflicts with USCIS's previously published policy, namely the Pearson memo, and (3) the Neufeld Memo is internally inconsistent and irrational. Reply at 8-11. The Court disagrees. First, the statutory language of § 1255(k) is not unambiguously clear, since the phrase "a lawful status" is not defined anywhere in the statute nor is the term referenced elsewhere in the statute in such a way as to provide a definition. *See also Cabaccang,* No. 07-574 at 22 ("While it may be contrary to the plain language of the statute to limit 'a lawful status' to 'lawful nonimmigrant status,' it does not follow that the phrase 'a lawful status is unambiguously clear. As a result, there is room for USUSCIS interpretation.").

Second, the Podolny Memo clarified the Pearson Memo such that it is not inconsistent with the Neufeld Memo. The Pearson Memo explains that an alien who files a non-frivolous extension of stay ("E/S") or change of status ("C/S") application and who does not engage in unlawful employment will not accrue "unlawful presence" for purposes of 8 U.S.C. § 1182 while the E/S or C/S application is pending. The Podolny Memo confirms that while an alien who meets these requirements does not accrue "unlawful presence" during the pendency of the E/S or C/S application, such a filing does not extend the period of an alien's "authorized status." An alien's period of "authorized status" occurs only within the alien's initial "authorized period of admission," which is determined with reference to his or her Form I-94 (the form denoting an alien's "Arrival-Departure Record," which every alien must complete upon arrival in the United States). Since an alien must have filed an E/S or C/S application within a period of "authorized status" in order to be timely, the Podolny Memo clarifies that only those C/S or E/S applications that are filed within the alien's period of authorized status will be considered timely. Podolny Memo at 2. As a result, the Podolny Memo goes on to explain, an alien cannot avoid accruing "unlawful status" by continuing to file E/S or C/S applications; such applications will be deemed untimely if filed outside the period of the alien's "authorized status." *Id*. This conclusion is not in conflict with the Neufeld Memo, which explains that the period during which an alien has a pending E/S, C/S, or

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

adjustment of status application does not, in and of itself, constitute a period in which the alien is in a lawful "status." Neufeld Memo at 7. The Podolny Memo's interpretation of the difference between an alien's period of "unlawful presence" and "unlawful status" explains why, contrary to Plaintiffs' contention, the Neufeld Memo does not represent a new interpretation of the "unlawful presence" for the purpose of counting 8 U.S.C. § 1255(k)'s 180-day grace period. *See also Cabaccang,* No. 07-574 at 27 fn. 10 (noting that "the [Podolny] Memo provides an explanation for how the Neufeld Memo does not conflict with the Pearson Memo").

Finally, the Court finds that Plaintiffs have not demonstrated that the Neufeld Memo is irrational and internally inconsistent. The Neufeld Memo reflects a legitimate agency goal, and is thus neither irrational nor inconsistent with other positions stated in the Memo.

## V.      CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Summary Judgment. Because the Court finds that the USCIS's interpretation of 8 U.S.C. § 1255 was neither arbitrary nor capricious, it follows that Defendants properly denied Plaintiffs' applications for adjustment of status. Accordingly, there are no triable issues left to be resolved, and the Court GRANTS Defendants' request for summary judgment.

Defendants shall file a "[Proposed] Judgment within seven days of this Order.

This Court is not at all pleased with the result of this ruling. It is a testament to the bewildering traps that the immigration laws set in the path of persons trying to comply with such laws that these petitioners were lawfully present in the United States but at the same time were not in "lawful status." How absurd! It would be a drastic injustice if this ruling—which is necessitated by Plaintiffs' understandable failure to negotiate the confusing pitfalls of these laws and regulations—were to result in Plaintiffs' prompt deportation. But the Court's concern is allayed somewhat by the likelihood that it is up to the USCIS to issue a removal order, and if it does, Plaintiffs will have the right to appeal.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1341 AHM (CTx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | STELLA VELASCO, et al. v. THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (CIS), et al. | | |

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

|  | : |
|---|---|
| Initials of Preparer | SMO |